**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: Amity May Knight | : CHAPTER 13 |
| xxx-xx-5703 | : NO.  13-20526-SR |
| 124 S. 14th Street | : |
| Quakertown, PA 18951 | : (Indicate if applicable) |
| | : |
| | : ☒  ORIGINAL PLAN |
| | : |
| Debtor | : ☐  _____  AMENDED PLAN |
| | : |

**DEBTOR'S ORIGINAL CHAPTER 13 PLAN**

**YOUR RIGHTS WILL BE AFFECTED**

If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan. This form of plan has been published, as of the date set forth above, by the Chapter 13 standing trustees in the Eastern District of Pennsylvania. By filing this plan, debtor(s) and their counsel are representing that there are no changes to the standard, published plan form, except as noted below in the Notice of Special Provisions section.

**PLAN PROVISIONS DISCHARGE: (Check one)**

☒   The debtor will seek a discharge of debts pursuant to Section 1328(a).

☐   The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in 1328(f).

**NOTICE OF SPECIAL PROVISIONS: (Check if applicable)**

☒   This plan contains special provisions that are not included in the standard plan as recommended by the Chapter 13 standing trustees in the Eastern District of Pennsylvania. Those provisions are set out in the OTHER PLAN PROVISIONS section of this plan.

**1. PLAN FUNDING AND LENGTH OF PLAN**

A. Payments by the debtor of $1.00 per month for 5 months. This monthly plan payment will begin no later than 30 days following the date of the filing of the bankruptcy petition or the date of conversion to Chapter 13. Thereafter, the Debtor shall pay 50.00 per month for the next 55 months, for a total of $2,755.00 over 60 months.

B. In addition to the above specified plan payments, the debtor agrees to dedicate to the plan the estimated amount of sale proceeds as follows: $_____ from the sale of property (describe property)_____. All sales will be completed by                                            .

Other lump sum payments shall be paid to the trustee as follows:

Other payments from any source (describe specifically) shall be paid to the trustee as follows:

C. For amended plans:

    (1) The plan payments by the debtor shall consist of the total amount previously paid ($           ) added to the new monthly payment in the amount of $_____ for the remaining _____ months of the plan for a total base amount, as amended, of $_____, plus other payments and property stated in Paragraph B above.

    (2) The payment amount shall change effective _____.

    (3) The debtor shall take appropriate action to ensure that all wage attachment payments are adjusted to conform to the terms of the amended plan.

D. The debtor is responsible for funding the plan.

**2. SECURED CLAIMS**

    A. Adequate Protection Payments under Section 1326. Adequate protection payments in the following amounts will be paid by the debtor to the trustee. The trustee will disburse preconfirmation adequate protection payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the debtor.

| Name of Creditor | Address | Account No. | Payment | Month of 1st payment |
|---|---|---|---|---|
| n/a | | | | |
| | | | | |

B.  Mortgages and Other Direct Payments by Debtor. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained.

| Name of Creditor | Description of collateral | Contractual monthly payment | Principal balance of claim | Contract rate of interest |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

C. Arrears

| Name of Creditor | Description of collateral | Pre-petition arrears to be cured | Interest rate | Total to be paid |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

D.  Secured Claims Paid According to Modified Terms. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as 'NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. A MOTION AND/OR AN ADVERSARY ACTION, AS APPROPRIATE SHALL BE FILED UNDER SECTION 506(a) TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN.

| Name of Creditor | Description of Collateral | Modified principal balance | Interest rate | Total payment | Motion or Adversary Action (AP) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

E. Other Secured Claims

| Name of Creditor | Description of collateral | Principal Balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

F. Surrender of Collateral

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |

G. Lien Avoidance. The debtor will move to avoid the liens of the following creditors pursuant to Section 522(f):

| Name of Creditor | Description of Collateral |
|---|---|
|  |  |
|  |  |

## 3. PRIORITY CLAIMS

A. Allowed unsecured claims entitled to priority under section 507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to section 1322(a)(4):

| Name of Creditor | Total Payment |
|---|---|
| N/A |  |
|  |  |

B. Administrative Claims:

(1) Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.
(2) Attorney Fees. In addition to the retainer of $2,000.00 already paid by the debtor, the amount of $1,500.00 in the plan.

**4. UNSECURED CLAIMS**

A. Claims of Unsecured Nonpriority Creditors Specially Classified. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest rate | Total payment |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

B. Claims of General Unsecured Creditors. The remainder of the funds shall be paid to general unsecured creditors.

C. Funding (check one)

☒ Pro Rata
☐ 100%

5 EXECUTORY CONTRACTS AND UNEXPIRED LEASES. The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest rate | Pre-petition arrears | Total payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

The Debtor specifically rejects any and all contracts with unsecured creditors containing any arbitration provision, or in the alternative rejects any arbitration provision of any and all contracts, unless specifically excepted herein.

6. OTHER PLAN PROVISIONS:

a. Within 30 days after all payments pursuant to the Plan are made, Mortgage Company shall mark the mortgage foreclosure action against the Debtor in the          County Court of Common Pleas captioned                                              , as Settled,

Discontinued and Ended. Each party shall bear its own costs. This Court shall retain jurisdiction to enforce this provision.

b. The Debtor shall make regular post-petition payments directly to the holder of the first mortgage.

c. (1) It is anticipated that, after the Debtor has made the last payment required under the confirmed Plan, the Trustee shall issue a notice to the holder of the secured claim or claims against the residence of the debtor of final cure payment pursuant to Fed.R.Bankr.P. 3002.1(f). It is anticipated that the notice shall state that the secured creditor in question of it's obligation to file and serve a response.
(2) If the Mortgagee fails to file and serve a statement of outstanding obligations within the time set forth under the Rule, the Mortgagee is required to treat the mortgage as reinstated according to its original terms, and fully current as of the date of the Debtors notice; and
(3) that if the Mortgagee does serve a statement of outstanding obligations within the required time, the Debtor may, (i), within 21 days of service of the statement, challenge the accuracy of the statement by motion filed with the Court, with notice to the Mortgagee and the Standing Trustee, with the court resolving the challenge as a contested matter.

d. Payment Notices: Creditors and lessors provided for above may continue to mail customary notices and/or coupons to the Debtor and/or the Trustee notwithstanding the automatic stay.

e. Confirmation of this plan shall constitute a finding that the Plan constitutes the Debtors' best effort under all the circumstances to pay their creditors, within the meaning of 11 U.S.C. §§ 727(a)(9).

f. The automatic stay order is in effect as of the date of confirmation. Any sheriffs'' sale or foreclosure sale shall be cancelled and not continued to any later date.

g.  By failing to object to this plan, or any modification thereof, all creditors holding claims agree not to make any effort to collect their claims from any cosigners that may exist, so long as this case remains pending.

h. (where applicable):Debtor shall make all postpetition payments on the Debtor's non-dischargeable student loan obligations directly to the lender(s) in accordance with the contract terms. See In re Orawsky, 387 B.R. 128, 2008 Bankr. LEXIS 1333, (Bankr. E.D.PA 2008).

i.  For cases involving surrender of collateral as shown in

Section 2F (supra):

(1). The Debtor will surrender the property securing the Class 2F Claims pursuant to 11 U.S.C. §§1325(a)(5)(c) and/or 11 U.S.C. §§1322(b)(8) and (b)(9).

(2). The Debtor will effect the surrender of any real property securing Class 2F Claims by either (a) executing a deed in lieu of foreclosure in favor of a holder of the Class 3B Claim within fifteen (15) business days of a written request made by the holder, or (b) not contesting a state court foreclosure, ejectment and/or other proceeding under applicable nonbankruptcy law by which the holder may obtain title and/or possession of the property.

(3). If the aforesaid holder of the Section 2F claim secured by real property does not either produce such a deed for execution by the Debtor or go forward with a completed Sheriff's Sale of the subject property prior to confirmation of this Plan, then pursuant to §§1322(b)(8) and (b)(9), 11 U.S.C., title to the property located at                                  , Montgomery County, Pennsylvania shall vest in the lender,                             , upon confirmation, and the
Confirmation Order shall constitute a Quit-Claim Deed of the property when recorded at the Recorder of Deeds of Montgomery
County, Pennsylvania. All secured claims secured by the aforesaid real property will be deemed paid in full by surrender of the collateral, which shall also count as foreclosure of the security interest. To the extent that a creditor may claim that a deficiency may exist, the creditor must file a timely unsecured Proof of Claim for same.

(4). The Debtor will effect the surrender of any personal property securing Section 2F Claims by permitting a repossession of the personal property by the holder of the Section 2F Claim.

(5). The confirmation Order shall constitute an Order granting the holders of Section 2F Claims relief from the automatic stay for the purpose of proceeding with its remedies under applicable nonbankruptcy law in order to obtain title and/or possession of the property to be surrendered pursuant to this Plan.

(6). It is anticipated that the holders of allowed Section 2F Claims shall be those persons or entities

    identified in the Summary of Section 2F set forth above.

**7. ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the trustee in the following order:

Level 1:
Level 2:
Level 3:
Level 4:
Level 5:
Level 6:
Level 7:
Level 8:

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the debtor has not objected.

8. REVESTING OF PROPERTY (Check One)

    ☐ Property of the estate will vest in the debtor upon Confirmation
    ☒ Property of the estate will vest in the debtor upon closing of the case.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

    1. All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

    2. If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtor. Claims filed after the bar date that are not properly served on the trustee will not be paid. The debtor

is responsible for reviewing claims and filing objections, if appropriate.

3. In the event that any creditor in any class refuses any disbursement from the standing trustee, the standing trustee shall be authorized to disburse those funds to other creditors in the same class, or if all such similarly classified creditors have already been paid, to other creditors in the next level of priority, without seeking a modification of the plan.

4. If debtor is successful in obtaining a recovery in any personal injury or other litigation in which debtor is the plaintiff during the term of this plan, any recovery in excess of any applicable exemption will be paid to the trustee as a special plan payment, in addition to debtor's regular plan payments, for the benefit of the unsecured creditors.

Dated:                                      /s/ Amity May Knight
                                            Debtor


                                            _____
                                            Joint Debtor